**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1325
_____

UNITED STATES OF AMERICA

v.

JAMES PEYTON,
                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 10-cr-00039-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2011
_____

Before: HARDIMAN, BARRY, <u>Circuit Judges</u> and RUFE,[*] <u>District Judge</u>

(Opinion Filed: January 5, 2012)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

    Appellant James Peyton appeals his judgment of sentence after pleading guilty to

_____

[*]  Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

certain bribery and tax offenses. His counsel filed a motion to withdraw, as well as a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Third Circuit L.A.R. 109.2(a), asserting that there are no non-frivolous issues on appeal. We will grant the motion to withdraw and will affirm the judgment of sentence.

## I.

Between 2006 and 2009, Peyton was employed as an investigator with the New Jersey Department of Labor. His responsibilities included auditing employer books and records, reviewing quarterly payroll tax filings, and taking other investigative steps to ensure employer compliance with tax obligations. In his capacity as an investigator, Peyton solicited corrupt cash payments from owners, operators, and representatives of temporary labor firms. The parties stipulated to the value of the bribery payments as $119,600. In exchange for the bribes, Peyton used his influence as a Department of Labor employee and prepared forms that intentionally understated the tax amounts owed by the firms. Peyton also filed an income tax return with his wife for 2007 that willfully understated his own taxable income by omitting the income from the bribes.

Peyton entered into a plea agreement and pleaded guilty to one count of bribery in violation of 18 U.S.C. § 666(a)(1)(B), and one count of subscribing to a false tax return in violation of 26 U.S.C. § 7206(1). In the plea agreement, the parties stipulated to much that was relevant to the application of the Guidelines and agreed that the total offense level applicable to Peyton would be 19, 20, or 21. The parties also agreed "not to seek or

2

argue for any upward or downward departure, adjustment or variance not set forth" in the plea agreement, with the exception that Peyton reserved his right "to seek a variance under 18 U.S.C. § 3553 based on his health condition."

At sentencing, the District Court applied the Guidelines as contemplated in the plea agreement and factored in the parties' stipulation regarding the amount of the bribery payments. The result was a total offense level of 21 and a criminal history category I, which carried a guideline range of 37 to 46 months. Turning to the analysis of the statutory factors of 18 U.S.C. § 3553(a), Peyton's counsel argued in favor of a variance below the guideline range on account of his client's health problems. In particular, Peyton's counsel argued that Peyton was 72 years old, took numerous medications, and suffered from hypertension, diabetes, coronary artery disease, thoracic and lumbar degenerative disc disease, and prostate cancer. The District Court agreed that Peyton's various medical conditions were appropriate for consideration in fashioning its sentence within the Guidelines, but found that they did not justify a variance from the Guidelines. The District Court sentenced Peyton to 42 months imprisonment on the bribery count, with a concurrent sentence of 36 months on the tax count. This appeal followed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and

3

request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). With respect to the first requirement:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id* (citation omitted). With respect to our independent review of the record for non-frivolous issues, we generally confine our scrutiny to those portions of the record identified by an adequate *Anders* brief, and the appellant's *pro se* filings. *See id*. at 301.

Reviewing counsel's *Anders* brief together with the record, we conclude that counsel has satisfied his obligation to conduct a "conscientious examination" of the case. Likewise, our independent analysis of the record reveals no error in Peyton's guilty plea or sentence. With respect to the guilty plea, the District Court ensured that the plea was voluntary, found that there was a factual basis for the plea, and otherwise satisfied the procedural requirements of Federal Rule of Criminal Procedure 11. With respect to the sentencing, the District Court accurately calculated the guideline range, clearly indicated that the guideline range was advisory, analyzed the factors under 18 U.S.C. § 3553, and

otherwise satisfied the procedural requirements of Federal Rule of Criminal Procedure 32. While the District Court did raise a question regarding the application of USSG § 2C1.1(b)(2) and whether the loss to the government was greater than the stipulated amount of the bribes, it ultimately resolved that question in favor of Peyton.

The one issue for appeal raised by the *Anders* brief, and echoed in Peyton's *pro se* filings, is that the District Court erred in refusing to grant a variance based on Peyton's health and medical conditions.   Because the sentencing was procedurally sound, Peyton is only entitled to relief if the sentence is substantively unreasonable.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).  We review the substantive reasonableness of a sentence for abuse of discretion, and will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Id*. at 568.  "Ultimately, the touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."  *Id*. (internal quotation marks omitted).

Applying this standard, we have no difficulty concluding that Peyton's sentence is reasonable.  The District Court acknowledged that Peyton's health and medical conditions were proper issues for its consideration under 18 U.S.C. § 3553(a), and that it would weigh them in fashioning an overall sentence.   Nevertheless, the District Court concluded that Peyton's medical conditions were not so substantial or unusual as to require a variance.  The District Court found that the Bureau of Prisons was well-

5

equipped to handle Peyton's medical needs, including his medication-controlled diabetes. It also noted that Peyton had been suffering from these medical conditions for a substantial period of time and yet was nonetheless able to work, engage in the criminal scheme, and frequent casinos away from his home.

Finally, the District Court balanced Peyton's health and other favorable factors such as his military service, against negative factors such as his lack of candor to the Court, his betrayal of the public trust, the substantial public and private harm that resulted from Peyton's criminal activity, and the need to send a very strong message that this kind of scheme is a "serious crime worthy of serious punishment." This record, taken as a whole, demonstrates that the District Court more than met its obligation to conduct a rational and meaningful consideration of the factors enumerated in § 3553(a), including Peyton's health. As a result, there is no non-frivolous argument that his sentence is unreasonable.

### III.

For the foregoing reasons, we will grant the motion to withdraw and affirm the judgment of sentence. We also find, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the United States Supreme Court.